THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JORGE CERVANTES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent | CASE NO. C14-0396-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner Jorge Cervantes' Section 2255 Motion to Vacate, Set Aside, or Correct Sentence (Dkt. No. 1) and the United States' supplemental response to that petition (Dkt. No. 8). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Mr. Cervantes' motion to the extent it raises a claim based on his counsel's failure to file a notice of appeal.

I.　　BACKGROUND

This Court previously recounted the facts underlying Mr. Cervantes' petition. (*See* Dkt. No. 7.) Petitioner pleaded guilty on February 11, 2013, to one count of *Possession of Methamphetamine with Intent to Distribute* in violation of 21 U.S.C. §§ 8412(a)(1) and 841(b)(1)(B). That conviction arose from Mr. Cervantes' admitted participation in the sale of 10.3 pounds of methamphetamine to a confidential informant. (*Id.* at 1–2.) After his arrest, Petitioner was appointed a federal public defender and ultimately retained Mr. Kyle Knapp as

private defense counsel. Because Mr. Knapp was from California, he affiliated with Mr. Stephen Illa, a Washington attorney, to co-represent Mr. Cervantes. (*Id.*) The crime of which Mr. Cervantes was convicted carries a mandatory minimum sentence of ten years and the Government believed Mr. Cervantes to have been the principal organizer of the conspiracy. Nonetheless, Mr. Knapp and Mr. Illa negotiated with the United States for Mr. Cervantes to provide a Safety Valve proffer that would allow the Court to impose a sentence below the mandatory minimum. As a result of that proffer, the Government agreed to recommend the Safety Valve adjustment, and the Court sentenced Mr. Cervantes to a six-year term of imprisonment. That sentence was below both the mandatory minimum and the Government's seven year recommendation. (*Id.*)

Mr. Cervantes brought the instant § 2255 petition on March 17, 2014. (Dkt. No. 1.) The Court directed the Government to respond, and after considering the parties briefing, dismissed all but one of Mr. Cervantes claims for relief without holding an evidentiary hearing because he alleged only conclusory claims that did not warrant further consideration. Because Mr. Cervantes' petition included the allegation that his attorneys either failed or refused to file a notice of appeal upon request, and the United States did not respond to this argument in its opposition brief, the Court ordered supplemental briefing to determine whether an evidentiary hearing was warranted to allow Mr. Cervantes to develop this claim. (*Id.* at 5–6.) The United States responded. It asserts, based upon the sworn affidavit of Mr. Stephen Illa, Petitioner's primary counsel at the time of sentencing, that Mr. Cervantes' claim fails as a matter of law because he neither requested that a notice of appeal be filed nor otherwise indicated his desire to appeal his conviction or sentence. (*See* Dkt. No. 8.) That opposition was noted for the Court's consideration one month after filing, and Mr. Cervantes neither responded to the Answer nor provided evidence that would refute Mr. Illa's affidavit. For the reasons that follow, the Court dismisses Petitioner's § 2255 "notice of appeal" claim with prejudice.

//

## II. DISCUSSION

In order to state a cognizable 28 U.S.C. § 2255 claim, a petitioner must assert that he is in custody in violation of the Constitution or laws of the United States, that the district court lacked jurisdiction, that the sentence exceeded the maximum allowed by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A petitioner must assert specific facts in support of each claim. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg,* 24 F.3d 20, 26 (9th Cir. 1994).

### A. Ineffective Assistance of Counsel – Failure to File a Notice of Appeal

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To succeed on an ineffective assistance claim, Petitioner must show that counsel's performance was (1) deficient and (2) prejudicial to the defense. *Id.* at 687. To meet the first requirement of "objectively unreasonable performance," a convicted defendant must point to specific acts or omissions by counsel that he believes not to be the product of sound professional judgment. *Id.* at 690. Counsel's performance must fall below an objective standard of reasonableness such that "in light of all the circumstances, the identified acts or omission were outside the wide range of professionally competent assistance." *Id.* at 687, 690. To satisfy the second requirement, prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Judicial scrutiny of counsel's performance must be highly deferential" and courts must indulge a "strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *United States v. Palomba*, 31 F.3d 1456, 1460 (9th Cir. 1994).

In *Roe v. Flores-Ortega,* the Supreme Court held that *Strickland*'s ineffective assistance of counsel test applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. *See United States v. Sandoval-Lopez,* 409 F.3d 1193, 1195 (9th Cir. 2004)

(citing *Roe v. Flores-Ortega,* 528 U.S. 470, 473 (2000)). Where a defendant instructs counsel to file a notice of appeal, failure to do so constitutes ineffective assistance of counsel, and the lost chance of appeal constitutes prejudice even if there exists no non-frivolous ground for appeal and doing so would likely result in a worse outcome for the client. *Id.* at 1196–97 (explaining that this is the law, "[a]s contrary to common sense as it seems"). However, where a defendant does not instruct counsel to either file or not file a notice of appeal, the court must determine if counsel had "a constitutionally imposed duty to consult with the defendant." *Roe,* 528 U.S. at 480. That duty exists only where (i) a rational defendant would want to appeal, or (ii) the defendant claiming ineffective assistance reasonably demonstrated that he was interested in appealing. *Sandoval-Lopez,* 409 F.3d at 1196. As for the prejudice prong when a lawyer has not consulted with his client regarding an appeal, a petitioner demonstrates prejudice where "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 1196.

Here, Mr. Cervantes' original motion included only the vague, conclusory statement that his attorneys "failed" and/or "refused" to file a notice of appeal. (*See* Dkt. No. 7 at 6.) As the Court previously explained:

> Mr. Cervantes nowhere states that he affirmatively asked his attorneys to file an appeal and alleges no facts to demonstrate that he was interested in appealing his sentence or otherwise indicated as much to his attorneys within the relevant time period[]. Nor does Petitioner explain the basis for an appeal that could have been but was not taken or state whether he actually would have appealed given that under the terms of his plea agreement, doing so would constitute a breach of the plea agreement and would expose Mr. Cervantes to prosecution for "any counts, including those with mandatory minimum sentences, that were dismissed or not charged" pursuant to the plea agreement. (*See United States v. Cervantes*, No. CR12-0218, Dkt. No. 40 at 7.)

Nonetheless, the Court construed Mr. Cervantes' conclusory allegation broadly because (i) the Ninth Circuit has clearly held that "it is ineffective assistance of counsel to refuse to file a notice of appeal when your client tells you to, even if doing so would be contrary to the plea agreement and harmful to your client[,]" and (ii) the United States had neither addressed that claim nor

ORDER
PAGE - 4

provided a sworn affidavit from Mr. Cervantes' previous counsel discussing the facts surrounding Petitioner's desire or requests to appeal.  (*Id.*)

The Government has now responded and Plaintiff's previous attorney, Mr. Illa, avers that Mr. Cervantes neither affirmatively requested that a notice of appeal be filed nor indicated his desire to appeal. (*See* Dkt. No. 8, Ex. A.) Plaintiff has not responded to these statements or otherwise provided a more detailed account of his request to appeal his conviction or sentence. Accordingly, the Court asks only whether, under the circumstances, a rational defendant would want to appeal such that counsel had a constitutional duty to inquire with his client about this option. *See Sandoval-Lopez,* 409 F.3d at 1196. The Court cannot say that any rational defendant would want to appeal the conviction and sentence in this case. The case against Mr. Cervantes appeared extremely strong—he sold a significant quantity of methamphetamine to a confidential informant while under Government surveillance and was arrested on the spot—and he nonetheless received a sentence significantly below the ten-year mandatory minimum and below the Government's own recommendation due to the United States' decision to allow him to give a Safety Valve proffer. Indeed, as this Court previously pointed out, were Mr. Cervantes to appeal this conviction and sentence, he would likely violate the terms of his plea agreement and expose himself to prosecution for any counts that were dismissed or not charged in the underlying criminal suit—an outcome that would hardly seem rational given the lack of any apparent basis to raise a non-frivolous appeal. Accordingly, the Court finds that Plaintiff has failed to make out any colorable ground for relief based on his counsel's alleged failure to file a notice of appeal. No evidentiary hearing is necessary given the lack of any factual dispute on this issue.[1]

---

[1] Had Mr. Cervantes responded to the Government's supplemental Answer and Mr. Illa's affidavit in a way that required an evidentiary hearing, the Court would have either (a) held an evidentiary hearing as to whether Mr. Cervantes requested that an appeal be filed or otherwise expressed his desire to appeal; or (b) assumed the merit of Mr. Cervantes' claim and vacated and re-entered judgment so that he would have the opportunity to appeal if he so wishes. *See Sandoval-Lopez*, 409 F.3d at 1196–98. Such a decision need not be made given the apparently frivolous nature of Mr. Cervantes' notice of appeal ground for relief. *See United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (merely conclusory statements in a § 2255 motion are not enough to require an evidentiary hearing).

### B. Certificate of Appealability

The Court denies Petitioner a certificate of appealability with regard to the notice of appeal claim addressed herein. When a district court enters a final order adverse to the applicant in a habeas proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003). Under this standard, the petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253; *Slack v. McDaniel,* 529 U.S. 473, 474 (2000). Here, the Court finds that reasonable jurists could not debate whether Mr. Cervantes' petition should have been resolved differently and therefore denies a certificate of appealability.

### III. CONCLUSION

For the foregoing reasons and for the reasons explained in this Court's previous Order (Dkt. No. 7), Mr. Cervantes' § 2255 motion (Dkt. No. 1) is DENIED and this case is DISMISSED with prejudice.

DATED this 28th day of August 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE